No. 23-5113

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

RICK DALE HOLLINGSWORTH,
*Movant-Appellant*,

WILLIAM M. PAKOSZ,
*Potential Plaintiff-Appellant*,

*v.*

ANTONY J. BLINKEN, *et al.*,
*Defendants-Appellees*.

ON APPEAL FROM THE UNITED STATES
DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
No. 1:19-cv-02316 | Hon. Rudolph Contreras

**DEFENDANTS-APPELLEES' MOTION TO DISMISS APPEAL
AS TO POTENTIAL PLAINTIFF-APPELLANT WILLIAM M. PAKOSZ**

BRIAN M. BOYNTON
*Principal Deputy Assistant Attorney General*
Civil Division

WILLIAM C. PEACHEY
*Director*
Office of Immigration Litigation
District Court Section

YAMILETH G. DAVILA
*Assistant Director*

MICHAEL A. CELONE
*Senior Litigation Counsel*

DAVID J. BYERLEY
*Trial Attorney*
U.S. Department of Justice
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044

## TABLE OF CONTENTS

INTRODUCTION ......................................................................................................1

LEGAL STANDARD..............................................................................................2

ARGUMENT ............................................................................................................3

    I.   Federal Rule of Appellate Procedure 43(a) Requires a Reasonably Timely Motion to Substitute. ..................................................................................3

    II.  A Reasonable Time to File a Rule 43(a) Motion has Passed. .........................6

    III. The Court Should Dismiss Pakosz as a Party......................................................8

       A. *Pro Se* Hollingsworth Received Sufficient Notice of the Procedure. ............9

       B. Dismissing Pakosz as a Potential Plaintiff-Appellant is Warranted.............10

CONCLUSION.......................................................................................................12

# TABLE OF AUTHORITIES

**Cases**

*Aldossari v. Ripp*,
  49 F.4th 236 (3d Cir. 2022) ........................................................................................7

*Benacquisto v. Am. Express Fin. Corp.*,
  44 F.4th 741 (8th Cir. 2022) ......................................................................................4

*Broidy Capital Mgmt. LLC v. Muzin*,
  61 F.4th 984 (D.C. Cir. 2023) ....................................................................................6

*Campbell v. Iowa*,
  702 F.3d 1140 (8th Cir. 2013) .................................................................................11

*Carrizosa v. Chiquita Brands Int'l, Inc.*,
  47 F.4th 1278 (11th Cir. 2022) ........................................................................... 5, 11

*Cobell v. Jewell*,
  802 F.3d 12 (D.C. Cir. 2015) ........................................................................... 6, 7, 11

*Deposit Guar. Nat'l Bank v. Roper*,
  445 U.S. 326 (1980) ..................................................................................................6

*Gamble v. Thomas*,
  655 F.2d 568 (5th Cir. Unit A 1981) ........................................................................8

*Johnson v. Morgenthau*,
  160 F.3d 897 (2d Cir. 1998) ....................................................................................10

*Jones v. Board of Governors of the Fed. Reserve Sys.*,
  79 F.3d 1168 (D.C. Cir. 1996) .................................................................................11

*Mallick v. Int'l Bhd. of Elec. Workers*,
  814 F.2d 674 (D.C. Cir. 1987) ..................................................................................4

*Marentette v. City of Canandaigua*,
  799 F. App'x 48 (2d Cir. 2020) .......................................................................... 8, 10

*Momin v. Quantierra Advisors LLC*,
   No. 22-1445, 2023 U.S. App. LEXIS 5382 (2d Cir. Mar. 7, 2023) ....................... 8

*Moore v. Agency for Int'l Dev.*,
   994 F.2d 874 (D.C. Cir. 1993) ............................................................................. 9

*Neal v. Kelly*,
   963 F.2d 453 (D.C. Cir. 1992) ............................................................................. 9

*Peyton v. DiMario*,
   287 F.3d 1121 (D.C. Cir. 2002) ........................................................................... 4

*Sinito v. U.S. Dep't of Justice*,
   176 F.3d 512 (D.C. Cir. 1999) ............................................................................. 2

*Ward v. Edgeton*,
   59 F.3d 652 (7th Cir. 1995) ............................................................................... 10

*Younts v. Fremont Cty.*,
   370 F.3d 748 (8th Cir. 2004) ...................................................................... 10, 11

**Rules**

Fed. R. App. P. 43(a) ...................................................................................... *passim*

Fed. R. Civ. P. 25(a) ....................................................................................... *passim*

## INTRODUCTION

As is well-known to all, plaintiff (and Potential Plaintiff-Appellant) William Pakosz ("Pakosz") died in July 2021. Following his death, Movant-Appellant Rick Dale Hollingsworth ("Hollingsworth")—Pakosz's son-in-law—moved in the district court to substitute himself as a plaintiff for the deceased Pakosz under Fed. R. Civ. P. 25(a). *See* Opinion (March 25, 2022) (ECF #125) ("2022 Op."). On March 25, 2022, the district court denied Hollingsworth's motion and simultaneously dismissed Pakosz's claims, finding that Pakosz's death mooted Pakosz's equitable claims related to his passport and otherwise denied substitution of Hollingsworth for Pakosz as the district court was simultaneously dismissing Pakosz's remaining claims for money damages on other grounds. *Id.* at 9.

In the underlying notice of appeal, Hollingsworth correctly noticed the appeal in Pakosz's name as well as his own. However, critically, Hollingsworth has failed— yet again—to file a motion to substitute for Pakosz on appeal pursuant to Fed. R. App. P. 43(a). Because Pakosz is deceased and no motion to substitute has been filed for Pakosz in this Court, Pakosz should be dismissed as a (potential) party from the appeal because there is no qualified representative to prosecute this appeal. Undoubtedly, Hollingsworth has an interest in pursuing Pakosz's appeal, but interest alone is not enough under Fed. R. App. P. 43(a). And while there is leniency for *pro se* litigants as to procedure, that leniency does not extend to bailing out

1

Hollingsworth after he was provided notice of the proper procedure and the consequences for failure to comply. Thus, *pro se* leniency does not save Pakosz's appeal here. Indeed, the Government put Hollingsworth on notice about Fed. R. App. P. 43(a) and notified Hollingsworth of his failure to comply during his prior attempt to argue on behalf of Pakosz in the prematurely-filed appeal, *Pakosz v. Blinken*, No. 22-5143 (D.C. Cir.) ("*Pakosz*"). Yet as of filing, over seven months have passed since that notice and over sixty days have passed since this appeal was docketed, and no Rule 43(a) substitution has been sought. Therefore, Pakosz should be dismissed as a potential party from the appeal.

## LEGAL STANDARD

When a party entitled to an appeal dies before a notice of appeal is filed, a potential appellant hoping to stand in the shoes of the deceased party may file a notice of appeal in their name. Fed. R. App. P. 43(a)(2). "After the notice of appeal is filed, substitution must be in accordance with Rule 43(a)(1)." *Id.* Rule 43(a)(1) provides that "the decedent's personal representative *may* be substituted as a party *on motion* filed with the circuit clerk by the representative or by any party." Fed. R. App. P. 43(a)(1) (emphasis added). A substitution on appeal is "on motion" and whether this Court grants that motion is discretionary, not automatic. *Id.*; *Sinito v. U.S. Dep't of Justice*, 176 F.3d 512, 513 (D.C. Cir. 1999) ("The federal courts have

2

institutional interests of their own in regulating the substitution of qualified parties even if a cause of action survives the death of the original plaintiff.").

## ARGUMENT

The Court should dismiss Pakosz from these appeals because, without a substitute on appeal, there is no one who has been authorized by the Court to prosecute Pakosz's appeal. Although Hollingsworth unsuccessfully moved to substitute himself for Pakosz in the district court, no party has made any such motion on appeal under Fed. R. App. P. 43(a). As such, this Court has not authorized anyone to prosecute the appeal in Pakosz's shoes. The Court should thus dismiss Pakosz from the appeal.

**I. Federal Rule of Appellate Procedure 43(a) Requires a Reasonably Timely Motion to Substitute.**

In relevant part, Federal Rule of Appellate Procedure 43(a) provides as follows:

> (a) Death of a Party.
> (1) *After Notice of Appeal Is Filed.* If a party dies after a notice of appeal has been filed or while a proceeding is pending in the court of appeals, the decedent's personal representative may be substituted as a party on motion filed with the circuit clerk by the representative or by any party. A party's motion must be served on the representative in accordance with Rule 25. If the decedent has no representative, any party may suggest the death on the record, and the court of appeals may then direct appropriate proceedings.
> (2) *Before Notice of Appeal Is Filed—Potential Appellant.* If a party entitled to appeal dies before filing a notice of appeal, the decedent's personal representative—or, if there is no personal

3

> representative, the decedent's attorney of record—may file a notice of appeal within the time prescribed by these rules. After the notice of appeal is filed, substitution must be in accordance with Rule 43(a)(1).

Fed. R. App. P. 43(a)(1) and (2). Although modeled after Fed. R. Civ. P. 25(a), moving unsuccessfully under Fed. R. Civ. P. 25(a) in the district court does not satisfy or discharge the obligations under Fed. R. App. P. 43(a). As this Court is governed by the Federal Rules of Appellate Procedure, there is no meritorious argument for the position that Rule 43(a) does not apply here.

First, the decision whether to grant or deny substitution to a movant under Fed. R. Civ. P. 25(a) and Fed. R. App. P. 43(a) is largely discretionary. The circuit courts of appeal have independent discretion to grant substitution on appeal under Fed. R. App. P. 43(a), regardless of what happened in the district court. *See Mallick v. Int'l Bhd. of Elec. Workers*, 814 F.2d 674, 679 (D.C. Cir. 1987) (explaining "Fed. Rule App. P. 43(a) grants this court the discretion to provide for the substitution of appropriate parties to assure the fair and efficient administration of justice" and "adopt[ing] the District Court's decision ordering substitution"); *Benacquisto v. Am. Express Fin. Corp.*, 44 F.4th 741, 744 (8th Cir. 2022) ("…the decision to allow the substitution of a party lies within the sound discretion of the district court…."). As such, this Court may theoretically order substitution on appeal while also affirming the district court's denial of substitution. *See Peyton v. DiMario*, 287 F.3d 1121, 1128 (D.C. Cir. 2002) ("Although we might have decided this issue differently were

4

it before us *de novo*, because we cannot say that the district court abused its discretion, we affirm…"). This is particularly so where, as here, the district court denied substitution while simultaneously dismissing all of the decedent's claims. 2022 Op. at 9 (noting it was granting the Government's motion to dismiss "as to all damages claims," and "with the equitable claim for Pakosz's passport no longer available due to his death, there appears to be no remaining claim" belonging to Pakosz). Any meaningful substitution post-dismissal would take place on appeal.

Second, if a district court's denial of a motion to substitute under Fed. R. Civ. P. 25(a) allows litigants to bypass Fed. R. App. P. 43(a) and argue the deceased's case as though substitution had been granted, then neither the district court's order denying substitution under Fed. R. Civ. P. 25(a) nor Fed. R. App. P. 43(a) have any effect or serve any purpose under those circumstances. A litigant in Hollingsworth's position—who was denied substitution in the district court—must seek an order of substitution on appeal if he wishes to pursue Pakosz's appeal in addition to his own, but Hollingsworth cannot argue Pakosz's appeal as though substitution had been granted when it was denied by the district court and was not separately sought on appeal. *Carrizosa v. Chiquita Brands Int'l, Inc.*, 47 F.4th 1278, 1336 (11th Cir. 2022) (rejecting attempt by failed substitute to "challenge[] the entry of final judgment against Doe 840 as though she had in fact been substituted as the plaintiff in place of Doe 840"). This is because Hollingsworth is not a party to the district

5

court litigation as far as Pakosz's claims are concerned, and he lacks standing to appeal Pakosz's claims – unless and until he is granted leave to stand in Pakosz's shoes. If no leave is granted, then Hollingsworth is just another non-party to Pakosz's claims without standing to appeal them. *Deposit Guar. Nat'l Bank v. Roper*, 445 U.S. 326, 333 (1980) ("Ordinarily, only a party aggrieved by a judgment or order of a district court may exercise the statutory right to appeal therefrom."); *Broidy Capital Mgmt. LLC v. Muzin*, 61 F.4th 984, 994 (D.C. Cir. 2023) ("… chaos would ensue if courts were required to address the arguments of every nonparty with an interest in ongoing litigation before the court."); *Cobell v. Jewell*, 802 F.3d 12, 23 (D.C. Cir. 2015) ("While the death of a party generally moots any claim for injunctive relief, death usually does not moot a claim for monetary compensation. But that is because the individual's estate or someone else legally eligible to recover the monetary claim on the deceased's behalf is substituted…, as federal rules specifically provide." (citations omitted)). As such, Hollingsworth was required under Fed. R. App. P. 43(a) to seek an order of substitution within a reasonable time.

## II. A Reasonable Time to File a Rule 43(a) Motion has Passed.

Although there is no strict timeline for filing a motion under Rule 43(a), the D.C. Circuit has explicitly advised parties to "to act diligently and promptly in providing courts formal notice of the death of a party… and making the legally

6

required substitution." *Cobell*, 802 F.3d at 24.[1] Several circuits "have interpreted Appellate Rule 43 to permit dismissing the claims involving the decedent when no representative has been substituted within a reasonable time period." *Aldossari v. Ripp*, 49 F.4th 236, 260-61 (3d Cir. 2022) (collecting cases). Likewise, this Court warned Article III mootness can be triggered by "inordinate delay in filing a motion for substitution." *Cobell*, 802 F.3d at 24. "[A]n expectation of ordinary diligence presumably underlies each rule," and that includes Fed. R. App. P. 43(a). *Id.* A "delay in substitution" can prove "fatal." *Id.*

Under the circumstances of this case, Hollingsworth has not been diligent in filing a Rule 43(a) motion. To the contrary, Hollingsworth has been aware that Pakosz died in July 2021 and that he is interested in pursuing an appeal on Pakosz's behalf. He has also been aware of the procedural rules governing substitution on appeal since at least December 2022, when the Government's brief was filed in *Pakosz*. Yet sixty days have passed since this appeal was docketed—and over seven months have passed since Hollingsworth was put on notice about Rule 43(a)—and no Rule 43(a) motion has been made in either docket. As such, a reasonable time to file a Rule 43(a) motion has passed. As no motion to substitute has been made for

---

[1]    Pakosz's death has already been noted on the record. *See* Government's Notice of Parties, Rulings, and Related Cases (Document #2003868) at 1 ("Appellees certify that the before the district court, the following parties appeared:… William M. Pakosz (Plaintiff) (deceased, July 2021)").

7

Pakosz and as there is no one authorized to prosecute his appeal, Pakosz should be dismissed as a party. *Momin v. Quantierra Advisors LLC*, No. 22-1445, 2023 U.S. App. LEXIS 5382, at *3-4 (2d Cir. Mar. 7, 2023) (denying substitution motion and dismissing appeal given the "long delay between a party's death and the motion"); *Marentette v. City of Canandaigua*, 799 F. App'x 48, 50 (2d Cir. 2020) (same); *Gamble v. Thomas*, 655 F.2d 568, 569 (5th Cir. Unit A 1981) ("deem[ing] that Rule 43(a) implies the power" to dismiss an appeal "if no motion for substitution is made within a reasonable period" because it is "derived from [Civil Rule] 25(a)").

### III. The Court Should Dismiss Pakosz as a Party.

Even though Hollingsworth is *pro se* and apparently desires to prosecute Pakosz's appeal, dismissal of Pakosz as a potential plaintiff-appellant is warranted under these circumstances. The Government specifically identified Rule 43(a) and briefed Hollingsworth's failure to abide by Rule 43(a) when Hollingsworth's previously attempted to prosecute an appeal on Pakosz's behalf in *Pakosz*. *See* Government's Br. (Document #1981820) at 29, *Pakosz v. Blinken*, No. 22-5143 (D.C. Cir.). By timely filing a notice of appeal from the final judgment in Pakosz's name as well as his own, Hollingsworth possessed the opportunity to restart the appellate proceedings fresh, and to this time comply with Rule 43(a) (to the extent he wished to pursue Pakosz's appeal). Hollingsworth failed to do so.

8

## A. *Pro Se* Hollingsworth Received Sufficient Notice of the Procedure.

To be sure, this Court employs a relatively lenient approach towards *pro se* litigants like Hollingsworth. *Moore v. Agency for Int'l Dev.*, 994 F.2d 874, 876 (D.C. Cir. 1993) (noting "the importance of providing pro se litigants with the necessary knowledge to participate effectively in the trial process." (citing *Neal v. Kelly*, 963 F.2d 453, 456 (D.C. Cir. 1992)). But once *pro se* litigants have "minimal notice of the consequences of not complying with procedural rules[,]" they take ownership of choices not to comply. *Moore*, 994 F.2d at 876. And although the notice of procedural requirements often comes from the courts, opponents of *pro se* litigants can also provide appropriate notice to *pro se* litigants in navigating procedural rules. *Neal*, 963 F.2d at 457. Here, Hollingsworth was put on detailed notice about the requirements of Rule 43(a) and the consequences of failure to comply. The Government's brief in *Pakosz* provided Hollingsworth that notice, as well as much of the same case law the Government relies on here. *See* Government's Br. (Document #1981820) at 29, *Pakosz v. Blinken*, No. 22-5143 (D.C. Cir.). But notwithstanding, Hollingsworth did not act on that notice.[2]

---

[2]  In his reply brief, Hollingsworth argued his position that "Rule 43(a) Is Not the Controlling Rule" because he believed "Fed. R. App. P. 43(a) [] can only apply if Pakosz died after the district court's march 25, 2022, order." Hollingsworth Reply Br. (Document #1979453) at 4-5.  Notably, *pro se* leniency does not extend to rescuing *pro se* litigants from assuming incorrect legal positions.

9

## B. Dismissing Pakosz as a Potential Plaintiff-Appellant is Warranted.

The Court should thus dismiss Pakosz as a potential plaintiff-appellant from the appeal. Here, sufficient time—seven months following the Government's briefing on this precise issue—has passed since Hollingsworth received notice of Rule 43(a) and its consequences. *Compare Marentette*, 799 F. App'x 50 (dismissing appeal, denying substitution where appellees had raised Rule 43(a) in their response briefing and appellants delayed filing a Rule 43(a) motion for months after the close of briefing), *with Ward v. Edgeton*, 59 F.3d 652, 653 (7th Cir. 1995) (motion to dismiss for failure to substitute was premature when filed just one month after the appellant's death). The failure to file a motion to substitute under Rule 43(a) means that there is "no qualified representative to prosecute" Pakosz's appeal, *Marentette*, 799 F. App'x at 50, and this Court should not appoint a substitute to fill the void in the absence of a motion. *Younts v. Fremont Cty.*, 370 F.3d 748, 752 (8th Cir. 2004) ("Regardless of the proceedings below, our court has not received a formal suggestion of death or a motion for substitution; thus, we have no authority to substitute a proper party for Younts.").

While Hollingsworth is clearly interested in pursuing Pakosz's appeal, raw interest alone is insufficient to satisfy Rule 43(a). *Id.*; *Johnson v. Morgenthau*, 160 F.3d 897, 898 (2d Cir. 1998) (dismissing appeal without a substitute where the court was only aware that "one of [the decedent's] survivors—his brother—has eschewed

10

an[] interest in maintaining this appeal."). Additionally, Hollingsworth's prior attempt to pursue Pakosz's appeal without seeking substitution for Pakosz under Rule 43(a) is also insufficient to effect substitution. *Younts*, 370 F.3d at 752 ("Because the deceased [] is not a proper party on appeal and no proper party has been substituted for her, we cannot address the merits of the appeal raised on [her] behalf."); *see also Carrizosa*, 47 F.4th at 1336. This Court has been clear that "Rule 43(a)… provides that, when a party dies,… the person to be substituted[] must file a motion requesting substitution." *Jones v. Board of Governors of the Fed. Reserve Sys.*, 79 F.3d 1168, 1170 (D.C. Cir. 1996) (citing Fed. R. App. P. 43(a)(1)); *see also Cobell*, 802 F.3d at 24. No such motion has been filed.

As such, Pakosz should be dismissed as a potential plaintiff-appellant to this appeal. *See Campbell v. Iowa*, 702 F.3d 1140, 1141 (8th Cir. 2013) ("No party formally moved to suggest his death or to substitute a proper party in the district court under Fed. R. Civ. P. 25(a)(1), or in this court under Fed. R. App. P. 43(a). The deceased [] is not a proper party on appeal."). This Court has not granted anyone the authority to stand in Pakosz's shoes to pursue his appeal, and no one has filed a motion seeking it. Accordingly, the Court should grant this motion to dismiss and order dismissal of Pakosz from this appeal as a potential plaintiff-appellant.

## CONCLUSION

For the foregoing reasons, the Court should grant this motion and dismiss Pakosz as a potential plaintiff-appellant for the reasons stated above.[3]

DATED: July 24, 2023                    Respectfully submitted,

                                        BRIAN M. BOYNTON
                                      *Principal Deputy Assistant*
                                      *Attorney General*
                                      Civil Division

                                      WILLIAM C. PEACHEY
                                      *Director*
                                      Office of Immigration Litigation
                                      District Court Section

                                      YAMILETH G. DAVILA
                                      *Assistant Director*

                                      MICHAEL A. CELONE
                                      *Senior Litigation Counsel*

                                      */s/ David J. Byerley*
                                      DAVID J. BYERLEY
                                      *Trial Attorney* (DC Bar # 1618599)
                                      U.S. Department of Justice
                                      Office of Immigration Litigation
                                      District Court Section
                                      P.O. Box 868, Ben Franklin Station
                                      Washington, D.C. 20044

---

[3] To remove any doubt, the Government would likely oppose a Rule 43(a) motion filed by Hollingsworth (or Carmichael). This motion to dismiss addresses only the failure to file a Rule 43(a) motion. The motion for summary affirmance as to Hollingsworth's appeal from the district court's denial of his Fed. R. Civ. P. 25(a) motion, filed concurrently, argues that the district court's order denying Hollingsworth's motion should be summarily affirmed.

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(A)(7)(C), the undersigned counsel certifies that the foregoing brief complies with the type-volume limitation of Fed. R. App. P. 27(d)(2) and contains 2,896 words, including footnotes, but excluding the cover page, tables, signature blocks, and certificates of counsel.

## CERTIFICATE OF SERVICE

Pursuant to Fed. R. App. P. 25 and D.C. Cir. Rule 25, Defendants-Appellees hereby certify that the foregoing was filed electronically via the Court's CM-ECF filing system on July 24, 2023. The undersigned will cause paper copies of the foregoing to be sent via U.S. Postal Service to Hollingsworth at:

Rick Dale Hollingsworth
14930 Greenbrier Lane
Homer Glen, Illinois 60491

William Pakosz
14930 Greenbrier Lane
Homer Glen, Illinois 60491

*/s/ David J. Byerley*
DAVID J. BYERLEY
*Attorney for Defendants-Appellees*