No. 23-5113

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

RICK DALE HOLLINGSWORTH,
*Movant-Appellant*,

WILLIAM M. PAKOSZ,
*Potential Plaintiff-Appellant*,

*v.*

ANTONY J. BLINKEN, *et al.*,
*Defendants-Appellees*.

ON APPEAL FROM THE UNITED STATES
DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
No. 1:19-cv-02316 | Hon. Rudolph Contreras

## DEFENDANTS-APPELLEES' MOTION TO SUMMARILY AFFIRM
## DISTRICT COURT'S ORDER DENYING SUBSTITUTION

BRIAN M. BOYNTON
*Principal Deputy Assistant
Attorney General*
Civil Division

WILLIAM C. PEACHEY
*Director*
Office of Immigration Litigation
District Court Section

YAMILETH G. DAVILA
*Assistant Director*

MICHAEL A. CELONE
*Senior Litigation Counsel*

DAVID J. BYERLEY
*Trial Attorney*
U.S. Department of Justice
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044

## TABLE OF CONTENTS

INTRODUCTION ..................................................................................................1

STATEMENT OF THE CASE...............................................................................2

   I.   Pakosz's Litigation & Hollingsworth's Motion to Substitute ........................2

   II.   The District Court's March 25, 2022 Order ..................................................6

STANDARD FOR SUMMARY DISPOSITION ...................................................7

STANDARD OF REVIEW ...................................................................................8

ARGUMENT .........................................................................................................9

   I.   Pakosz's Death Mooted His Equitable Claims Regarding his Passport. ........9

   II.   The District Court Did Not Abuse its Discretion in Denying Substitution...12

     A.   Hollingsworth Failed to Show He Was a Proper Substitute. ...................12

     B.   The District Court Did Not Abuse its Discretion in Denying Substitution in Light of the Dismissal of Pakosz's Claims. .........................................15

CONCLUSION ...................................................................................................17

# TABLE OF AUTHORITIES

**Cases**

*Ambach v. Bell*,
  686 F.2d 974 (D.C. Cir. 1982)................................................................8

*Arizonans for Official English v. Arizona*,
  520 U.S. 43 (1997) .............................................................................10

*Benacquisto v. Am. Express Fin. Corp.*,
  44 F.4th 741 (8th Cir. 2022) ................................................................8

*Bush v. Reliant Bank*,
  No. 22-5656, 2023 U.S. App. LEXIS 8560 (6th Cir. Apr. 10, 2023) .................16

*Camreta* v. *Greene*,
  563 U.S. 692 (2011) .............................................................................10

*Carmichael v. Blinken*,
  No. 22-5143, 2022 U.S. App. LEXIS 22374 (D.C. Cir. Aug. 11, 2022).............14

*Carmichael v. Pompeo*,
  486 F. Supp. 3d 360 (D.D.C. 2020) .......................................................4

*Cobell v. Jewell*,
  802 F.3d 12 (D.C. Cir. 2015)................................................................10

*Copsey v. Swearingen*,
  36 F.3d 1336 (5th Cir. 1994) ...............................................................11

*Crabbs v. Scott*,
  880 F.3d 292 (6th Cir. 2018) ................................................................8

*Ferguson v. Warden Schuylkill FCI*,
  647 F. App'x 70 (3d Cir. 2016)............................................................14

*Froning's, Inc. v. Johnston Feed Serv., Inc.*,
  568 F.2d 108 (8th Cir. 1978) ...............................................................12

*Genesis HealthCare Corp. v. Symczyk*,
 569 U.S. 66 (2013) ...............................................................10

*In re Lucent Death Benefits ERISA Litigation*,
 541 F.3d 250 (3d Cir. 2008) ................................................16

*Jones v. Corr. Med. Servs.*,
 401 F.3d 950 (8th Cir. 2005) ...............................................15

*Lewis* v. *Continental Bank Corp.*,
 494 U.S. 472 (1990) .............................................................10

*Mallick v. Int'l Bhd. of Elec. Workers*,
 814 F.2d 674 (D.C. Cir. 1987)..............................................17

*McSurely v. McClellan*,
 753 F.2d 88 (D.C. Cir. 1985).................................................14

*Nocula v. UGS Corp.*,
 520 F.3d 719 (7th Cir. 2008) ................................................14

*Pridgen v.* Andresen,
 *113 F.3d 3*91 (2d Cir. 1997)..................................................15

*Sierra Club v. FERC*,
 68 F.4th 630 (D.C. Cir. 2023) ..............................................11

*Simon v. Hartford Life & Accident Ins. Co.*,
 546 F.3d 661 (9th Cir. 2008) ......................................... 14, 15

*Sinito v. U.S. Dep't of Justice*,
 176 F.3d 512 (D.C. Cir. 1999)................................... *passim*

*Tandy v. City of Wichita*,
 380 F.3d 1277 (10th Cir. 2004) ...........................................10

*TransUnion LLC v. Ramirez*,
 141 S. Ct. 2190 (2021) .........................................................11

*Ubiquitous Connectivity, LP v. Txu Energy Retail Co. LLC*,
  No. 2023-1349, 2023 U.S. App. LEXIS 14377 (Fed. Cir. June 9, 2023) ............16

*United States v. Allen*,
  408 F.2d 1287 (D.C. Cir. 1969)................................................................................7

*United States v. Glover*,
  731 F.2d 41 (D.C. Cir. 1984)..................................................................................7

*Webster v. Del Toro*,
  49 F.4th 562 (D.C. Cir. 2022) ..............................................................................8

*Wennerstein v. Sec'y of Homeland Sec.*,
  No. 22-5023, 2022 U.S. App. LEXIS 24895 (D.C. Cir. Sep. 2, 2022).................7

**Statutes**

22 U.S.C. § 2714a ....................................................................................................2, 3

**Rules**

Fed. R. Civ. P. 25(a)......................................................................................... *passim*

## INTRODUCTION

As is well-known to all, plaintiff (and Potential Plaintiff-Appellant) William Pakosz ("Pakosz") died in July 2021. Following his death, Movant-Appellant Rick Dale Hollingsworth ("Hollingsworth")—Pakosz's son-in-law—moved in the district court to substitute himself as a plaintiff for the deceased Pakosz under Fed. R. Civ. P. 25(a). *See* Opinion (March 25, 2022) (ECF #125) ("2022 Op.").[1] On March 25, 2022, the district court denied this motion in its order dismissing Pakosz's claims, finding that Pakosz's death rendered Pakosz's equitable claims related to his passport "unavailable" and denying substitution otherwise where the district court dismissed Pakosz's remaining claims for money damages on other grounds. *Id.* at 9.

The district court's order denying substitution should be summarily affirmed. Federal Rule of Civil Procedure 25(a) provides that the district courts "*may* order substitution of the proper party" "[i]f a party dies and the claim is not extinguished." Fed. R. Civ. P. 25(a) (emphasis added). As all of Pakosz's claims were dismissed, the district court did not abuse its discretion in denying the motion to substitute, and its legal conclusion that Pakosz's death mooted his claims for a passport was correct.

---

[1]     Co-plaintiff David Alan Carmichael ("Carmichael") also moved for himself to be named as a substitute for Pakosz "should Mr. Hollingsworth be disqualified." Carmichael's Mot. Grant Pl. Carmichael Powers as the Alternative Pakosz Substitute, ECF #120. This motion concerns Hollingsworth's appeal only.

## STATEMENT OF THE CASE[2]

### I.   Pakosz's Litigation & Hollingsworth's Motion to Substitute

Pakosz's litigation arose out of his 2017 attempt to renew his passport, a process which he alleged required him to violate his religious beliefs – that is, to provide the Government with his social security number ("SSN"). Opinion (March 25, 2022) (ECF #125) at 3 ("2022 Op."). When Pakosz originally applied for a passport in 2007, he requested a religious accommodation exempting him from providing his SSN on his passport application. 2022 Op. at 2. In December 2007, Pakosz was issued a passport, notwithstanding his omission of an SSN from his application. *Id.* The Government's explanation for this was that SSNs were not required with passport applications until 2015, when § 32101 of the Fixing America's Surface Transportation ("FAST") Act was enacted. ECF #24-1; 22 U.S.C. § 2714a(f)(1)(A) ("the Secretary of State is authorized to deny such application and is authorized to not issue a passport to the individual" upon "receiving an application for a passport from an individual that… does not include the social security account number issued to that individual."); *id.* § 2714a(i) ("…this section shall take effect on December 4, 2015.").

Ten years later, Pakosz submitted his passport renewal application in 2017,

---

[2]     Appellees refer the Court to the district court's March 25, 2022 recitation of the procedural history for greater detail. Because this motion only pertains to Hollingsworth's appeal, this exposition focuses only on Hollingsworth and Pakosz.

and included a letter explaining why identifying with an SSN violated his religious beliefs. 2022 Op. at 3. He also included a "Privacy Act Statement" from the Government that outlined the Government's authority for requesting SSNs, the purpose of the requests, and a list of routine uses for information collected from passport renewal applications. *Id.* The "Privacy Act Statement" also explained that while providing the requested information was voluntary, failing to provide that information could result in a processing delay or application denial. *Id.*

Thereafter, the Government contacted Pakosz in relation to his passport renewal application. *Id.* Pakosz was asked for his SSN, or alternatively, that he sign a statement that he had never been issued one. *Id.* Pakosz responded that he could not sign this statement and reiterated his religious accommodation request. *Id.* at 3-4. His passport renewal application was subsequently denied. *Id.* at 4.

On December 13, 2019, Pakosz (with David Alan Carmichael ("Carmichael") and Lawrence D. Lewis ("Lewis")) filed an Amended Complaint raising nine causes of action under the Constitution and various federal laws against the U.S. Secretary of State, in their official capacity, and the United States.[3] 2022 Op. at 5. Pakosz requested monetary damages on each of the nine claims, as well as equitable relief as to his individual passport renewal. *See* Am. Compl. (ECF #15); 2nd Am. Compl

---

[3]    Carmichael initiated this case in July 2019. Lewis and Pakosz were added in December 2019.

(ECF #51). On August 28, 2020, the district court dismissed all but Pakosz's second, fourth, and seventh causes of action, which concerned the Religious Freedom Restoration Act ("RFRA"), the Fifth Amendment Due Process Clause, and the Privacy Act, respectively. *See Carmichael v. Pompeo*, 486 F. Supp. 3d 360, 377 (D.D.C. 2020).

On January 20, 2021, the district court granted the Government's motion for a 90-day remand to the Department of State to consider Pakosz's religious accommodation request. Minute Order (January 20, 2021) (Document #2000423 at 9). During that remand, the Department determined that it would grant Pakosz's religious accommodation request and invited him to submit new passport photographs so that the Department could continue processing his passport application. Letter from U.S. Dep't of State to William Pakosz dated April 19, 2021, ECF #99-4. Pakosz refused to submit a new passport photograph. *Id.* ("On March 5, 2021, the Department requested that you provide a new passport photograph taken within the last six months. However, you have refused to voluntarily provide a new passport photograph….").

Notwithstanding, Pakosz (and Lewis) filed a "Motion To Compel Defendants To Issue Passport Renewals" on April 23, 2021 (ECF #84), seeking an order compelling the issuance of a renewed passport to Pakosz. ECF #84 at 1; ECF #99-4, *see also* Minute Order (April 19, 2021) (Document #2000423 at 11) ("The State

Department has now offered them that opportunity [to obtain Passports without having to identify with an SSN] and the Court is perplexed by Plaintiffs', apparent, [sic] refusal to take advantage of that opportunity. At this juncture…, it appears to the Court that, given the passage of time since the original applications were submitted, the State Department would be acting reasonably to assure itself… that up-to-date photographs are provided."). Shortly thereafter, on May 7, the district court set a briefing schedule for the Government to file a dispositive motion. Document #2000423 at 12 (Minute Order (May 7, 2021)).

In accordance with that schedule, on July 2, 2021, the Government filed an opposition in combination with a motion to dismiss, or for summary judgment in the alternative. Mot. to Dismiss, ECF #99. The Government argued, *inter alia*, that Carmichael, Lewis, and Pakosz's damages claims fail because no damages were available under RFRA or the Fifth Amendment for official-capacity claims or the Privacy Act given the facts alleged. 2022 Op. at 7. Three days later, on July 5, 2021, Pakosz died of natural causes. *See* Hollingsworth's "Motion To Substitute Plaintiff William Mitchell Pakosz," ECF #113.

After Pakosz's death, Pakosz's son-in-law, Movant-Appellant Hollingsworth moved to substitute himself for Pakosz on September 10, 2021. *Id.* Hollingsworth argued substitution should be granted because it was Pakosz's wish "to vindicate [Pakosz's] own claims and rights for damages, and other relief, as well as to protect

others that have his religious convictions[,]" and also because Hollingsworth had "[an] interest in ensuring that any damages are paid to [Pakosz's] estate for the benefit of [Pakosz's] wife and family." *Id.*

The Government opposed the substitution, arguing first that Hollingsworth had not established that he was a proper party, *i.e.*, a "successor or representative," for substitution under Rule 25(a). Second, that substitution should not be granted because Pakosz's claims had been mooted because the State Department had granted his religious accommodation request, and the only (at the time) unextinguished claim with respect to Pakosz was his claim for damages under the Privacy Act, which the Government had also moved to dismiss prior to Pakosz's passing. Gov't's Opp. to Mot. Substitute Pl. Pakosz, ECF #114.

## II.    The District Court's March 25, 2022 Order

On March 25, 2022, the district court granted in part and denied in part the Government's motion to dismiss or for summary judgment in the alternative. In pertinent part, the district court determined: (1) that the RFRA did not waive sovereign immunity for damages; (2) that sovereign immunity barred official-capacity claims for damages under the Fifth Amendment; and (3) Lewis, Carmichael, and Pakosz failed to plead any connection between the alleged Privacy Act violations and any adverse effects or damages. 2022 Op. at 29-32. The district court further construed Lewis and Pakosz's "Motion To Compel Defendants To

Issue Passport Renewals" as a motion for summary judgment on Lewis and Pakosz's claims for equitable relief because the motion requested an order to "compel" the equitable relief demanded in the Complaint. 2022 Op. at 8. Analyzing the motion under that framework, the district court denied the motion for failure to "demonstrate entitlement to judgment in Plaintiffs' favor beyond any genuine dispute of material fact." *Id*. The remaining claims, the district court concluded, concerned equitable relief as to Carmichael and Lewis's individual passports. *Id.* at 25-28.

As to Hollingsworth's motion to substitute, the district court noted that it was dismissing all claims for damages on other grounds and "with the equitable claim for Pakosz's passport no longer available due to his death, there appears to be no remaining claim." *Id.* at 9. Therefore, the motion for substitution was denied. *Id.*

### STANDARD FOR SUMMARY DISPOSITION

A motion for summary disposition should be granted when the "merits of the parties' positions are so clear as to warrant summary action." *Wennerstein v. Sec'y of Homeland Sec.*, No. 22-5023, 2022 U.S. App. LEXIS 24895, at *1 (D.C. Cir. Sep. 2, 2022). "[T]he [C]ourt imposes on a party who requests summary affirmance or summary reversal a 'heavy burden[.]'" *United States v. Glover*, 731 F.2d 41, 44 (D.C. Cir. 1984) (quoting *United States v. Allen*, 408 F.2d 1287, 1288 (D.C. Cir. 1969)). "Before it grants summary disposition of an appeal, the court must conclude that further briefing and argument are not necessary." *Id*. Summary affirmance is not

7

granted "lightly[,]" and "many arguments warrant affirmance but not summary affirmance." *Webster v. Del Toro*, 49 F.4th 562, 566 n.1 (D.C. Cir. 2022). Still, "whether expedited disposition of an appeal is justified is informed not only by the utility of further briefing and argument, but also by the circumstances of the case." *Ambach v. Bell*, 686 F.2d 974, 979 (D.C. Cir. 1982).

## STANDARD OF REVIEW

"Because the decision to allow the substitution of a party lies within the sound discretion of the district court," federal courts of appeal "review the district court's determination to substitute a party for an abuse of discretion." *Benacquisto v. Am. Express Fin. Corp.*, 44 F.4th 741, 744 (8th Cir. 2022); *Crabbs v. Scott*, 880 F.3d 292, 294 (6th Cir. 2018) ("We tend to review substitution determinations for an abuse of discretion."); *see also Sinito v. U.S. Dep't of Justice*, 176 F.3d 512, 513 (D.C. Cir. 1999) ("The federal courts have institutional interests of their own in regulating the substitution of qualified parties even if a cause of action survives the death of the original plaintiff."). Therefore, an "abuse of discretion" standard applies, except as to causative legal conclusions that a claim is "extinguished[]" by virtue of death. *Crabbs*, 880 F.3d at 294 ("The district court denied… substitut[ion] because it determined that Keith's death extinguished his claim…. [W]hether Keith's claim survived his death… is a question of law. Fresh review applies."); *Sinito*, 176 F.3d at 513. Conclusions of law are reviewed *de novo*.

## ARGUMENT

That Pakosz's equitable claims regarding his passport were extinguished was undisputed by Hollingsworth in the district court, it was correct as a matter of law, and it should be summarily affirmed. Those who have died are not eligible for U.S. passports, are not entitled to U.S. passports, and do not require U.S. passports. Even assuming Pakosz had a liberty interest in international travel, he cannot exercise it *postmortem* and issuing a passport to Pakosz serves no purpose. The district court's legal conclusion on this point should be summarily affirmed. Additionally, the district court clearly did not abuse its discretion in denying Hollingsworth's motion to substitute *pro se* for Pakosz, particularly when Pakosz had no "claim[s]" left to litigate in the district court at that point in the case.

## I.  Pakosz's Death Mooted His Equitable Claims Regarding his Passport.

Although the *pro se* briefing was less than clear, the district court interpreted the Second Amended Complaint and the "Combined Motion To Compel Defendants To Issue Passport Renewals To Lewis And Pakosz" to request that the Court enter summary judgment compelling the Government to issue a new passport to Pakosz. The "Combined Motion" did not specify the legal basis for the motion, nor did it specify which causes of action the motion was centered upon. 2022 Op. at 8. In any event, the district court correctly determined Pakosz's claim for equitable relief relating to his passport was mooted by his death.

9

Article III of the U.S. Constitution limits the federal courts' jurisdiction to "cases" or "controversies," so "[i]n order to invoke federal-court jurisdiction, a plaintiff must demonstrate that he possesses a legally cognizable interest, or 'personal stake,' in the outcome of the action." *Genesis HealthCare Corp. v. Symczyk*, 569 U.S. 66, 71 (2013) (citing *Camreta* v. *Greene*, 563 U.S. 692, 701 (2011)). The doctrine of mootness is a "corollary to this case-or-controversy requirement," requiring that "'an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.'" *Id.* (quoting *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997)). "If an intervening circumstance deprives the plaintiff of a 'personal stake in the outcome of the lawsuit,' at any point during litigation, the action can no longer proceed and must be dismissed as moot." *Id.* at 72 (quoting *Lewis* v. *Continental Bank Corp.*, 494 U.S. 472, 477-478 (1990)). Death is one such event. "[T]he death of a party generally moots any claim for injunctive relief[.]" *Cobell v. Jewell*, 802 F.3d 12, 23 (D.C. Cir. 2015). The same goes for other prospective or forward-looking relief. *Tandy v. City of Wichita*, 380 F.3d 1277, 1290 (10th Cir. 2004) ("Beltz' claims for prospective relief are mooted by his death because once dead, he is no longer under a real and immediate threat of repeated injury. Thus, there is no longer a live controversy with respect to Beltz's claims for prospective relief."). Only "a person exposed to a risk of future harm may pursue forward-looking, injunctive relief to prevent the harm

from occurring, at least so long as the risk of harm is sufficiently imminent and substantial." *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2210 (2021).

Here, the district court correctly recognized that "the equitable claim for Pakosz's passport [was] no longer available due to his death." 2022 Op. at 9. Even assuming Pakosz possessed a constitutional interest in international travel in life, he obviously cannot exercise that interest *postmortem*, and equitable relief related to Pakosz's passport could have no effect on his ability to do so. *Copsey v. Swearingen*, 36 F.3d 1336, 1339 n.3, 1341 (5th Cir. 1994) (ruling deceased vendor's claims for injunctive relief as to First Amendment count, Fourteenth Amendment count, and conspiracy count as to his revoked vendor's license were moot). Because equitable relief related to Pakosz's passport serves no purpose (as Pakosz can no longer travel), the district court correctly found his claim for equitable relief as to his passport to be moot. *Sierra Club v. FERC*, 68 F.4th 630, 642 (D.C. Cir. 2023) ("A claim is moot if intervening events mean the court's 'decision will neither presently affect the parties' rights nor have a more-than-speculative chance of affecting them in the future.'").

As such, because Pakosz can no longer exercise any interest in international travel, the district court's legal conclusion that "the equitable claim for Pakosz's passport [is] no longer available due to his death" should be summarily affirmed.

## II.    The District Court Did Not Abuse its Discretion in Denying Substitution.

The district court did not abuse its discretion in denying substitution under Rule 25(a) because Hollingsworth had not shown that he was a proper substitute, and because Pakosz had no claims left to litigate in the district court. Even if Hollingsworth were a proper substitute, the district court still had discretion to deny his motion. *Froning's, Inc. v. Johnston Feed Serv., Inc.*, 568 F.2d 108, 110 n.4 (8th Cir. 1978) ("The decision whether to substitute parties lies within the discretion of the trial judge and he may refuse to substitute parties in an action even if one of the parties so moves."). As Hollingsworth cannot show the district court abused its discretion, the order denying his Rule 25(a) motion should be summarily affirmed.

### A. Hollingsworth Failed to Show He Was a Proper Substitute.

In the 1963 Amendments to the Federal Rules of Civil Procedure, Rule 25(a)—governing the substitution of parties—was amended to allow "flexibility" in the substitution of proper parties. *Sinito v. U.S. Dep't of Justice*, 176 F.3d 512, 516 (D.C. Cir. 1999). "Although it is generally accepted that the proper party for substitution must be a 'legal representative' of the deceased,…a proper party need not necessarily be the appointed executor or administrator of the deceased party's estate." *Id.* Thus, "the distributee of a decedent's estate may be a 'successor' of an estate that has been distributed and thus can be a proper party." *Id.* Even where a proper substitute has been identified, "[t]he federal courts have institutional interests

12

of their own in regulating the substitution of qualified parties even if a cause of action survives the death of the original plaintiff. That institutional regularity is the function of Federal Rule of Civil Procedure 25(a)." *Id.* at 515.

In Hollingsworth's "Motion To Substitute Plaintiff William Mitchell Pakosz" filed in the district court (ECF #113), Hollingsworth asked that he be permitted to substitute for Pakosz (his father in law) because he "ha[s] interest in ensuring that any damages are paid to [Pakosz's] estate for the benefit of [Pakosz's] wife and family." *Id.* The Government opposed. ECF #114. In Hollingsworth's reply, he submitted two declarations. The first, a "Declaration of Delores [sic] Pakosz", purportedly from Pakosz's widow, opined that "Rick would be an excellent substitution [sic] for our family" because he "has a sound mind with huge moral standards[.]" ECF #115-1 at 1. The second, purportedly from Pakosz's daughter, explained that she is "the legal agent Power of Attorney" and that she "would like to see my husband Rick Hollingsworth to become successor / substitution [sic] for my father[.]" ECF #115-2 at 1.

Fundamentally, Hollingsworth confused the question of whether he may play lawyer for Pakosz's estate or heirs with the question of whether Hollingsworth was a proper substitute under Rule 25(a). These are distinct questions, but both are answerable in the negative. As to the latter, Hollingsworth's filings (at face value) seem to show that Pakosz's widow or daughter might have been proper Rule 25(a)

substitutes, but nothing shows that Hollingsworth himself was a proper substitute. *Sinito*, 176 F.3d at 516; *McSurely v. McClellan*, 753 F.2d 88, 98 (D.C. Cir. 1985). At most, the filings show only that Pakosz's widow and daughter would like Hollingsworth to act as their lawyer, not that Hollingsworth was actually Pakosz's legal representative or successor in interest.

As to the former, generally, "[a] pro se litigant may not represent another person in court." *Carmichael v. Blinken*, No. 22-5143, 2022 U.S. App. LEXIS 22374, at *3 (D.C. Cir. Aug. 11, 2022); *Nocula v. UGS Corp.*, 520 F.3d 719, 725 (7th Cir. 2008) ("[O]ne pro se litigant cannot represent another." (citing 28 U.S.C. § 1654)). Hollingsworth cannot represent the interests of Pakosz's estate and heirs *pro se*. *Ferguson v. Warden Schuylkill FCI*, 647 F. App'x 70, 71 (3d Cir. 2016) ("…Ferguson does not allege that he has any interest in his father's claims apart from his interest in his father's estate, which he shares… Ferguson [is] prohibited from representing his father's estate and the interests of his sister pro se."). This would be true even if Hollingsworth had power of attorney or was the executor of Pakosz's estate. *Id.*; *Simon v. Hartford Life & Accident Ins. Co.*, 546 F.3d 661, 664 (9th Cir. 2008) (collecting cases).

In this matter, Hollingsworth clearly stated that the legal interests he sought to protect did not belong to Hollingsworth personally. ECF #113 at 1 ("I have interest in ensuring that any damages are paid to [Pakosz's] estate *for the benefit of his wife*

14

*and family*." (emphasis added)). The existence of interests other than Hollingsworth's is determinative. *See Jones v. Corr. Med. Servs*., 401 F.3d 950, 952 (8th Cir. 2005) ("In this case, Adrian Jones is not the only beneficiary/creditor of Dennis Jones's estate. Thus, as a non-attorney, Adrian Jones may not engage in the practice of law on behalf of others."); *Pridgen v. Andresen*, 113 F.3d 391, 392-93 (2d Cir. 1997) (denying substitution on appeal, holding "an administrix or executrix of an estate may not proceed pro se when the estate has beneficiaries or creditors other than the litigant."). Hollingsworth was clearly not entitled to "ensur[e] that any damages are paid to [Pakosz's] estate for the benefit of [Pakosz's] wife and [Pakosz's] family" by representing their interests *pro se*. *Simon*, 546 F.3d at 664.

As such, the district court's denial of Hollingsworth's motion to substitute was not an abuse of discretion and should be affirmed. Even if Hollingsworth had shown he was a proper Rule 25(a) substitute—which he did not—there was no abuse of discretion in adhering to "the general rule prohibiting *pro se* plaintiffs from pursuing claims on behalf of others in a representative capacity." *Id*. The district court's order should be summarily affirmed.

### B. The District Court Did Not Abuse its Discretion in Denying Substitution in Light of the Dismissal of Pakosz's Claims.

As noted above, Federal Rule of Civil Procedure 25(a) provides "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party." Fed. R. Civ. P. 25(a). As Pakosz no longer had a live claim, the district court

did not abuse its discretion in denying Hollingsworth's motion to substitute.

As the *Sinito* court noted, "federal courts have institutional interests of their own in regulating the substitution of qualified parties even if a cause of action survives the death of the original plaintiff." *Sinito*, 176 F.3d at 515 (citing 7C Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1952 (1986) ("Rule 25 is procedural. It does not provide for the survival of rights or liabilities but merely describes the method by which the original action may proceed if the right of action survives.")). There is no reasonable argument that the district court was imprudent in its docket regulation by declining to introduce yet another *pro se* filer to litigate claims it had just dismissed.

Even if Hollingsworth were not *pro se*, federal courts routinely deny substitution motions as moot where it simultaneously decides against the decedent on other grounds. *See*, *e.g.*, *Ubiquitous Connectivity, LP v. Txu Energy Retail Co. LLC*, No. 2023-1349, 2023 U.S. App. LEXIS 14377, at *11 (Fed. Cir. June 9, 2023) ("We therefore see no reversible error in the district court's dismissal without prejudice. Mr. Shamoon does not dispute that it follows from that conclusion that Mr. Shamoon's motion to substitute was moot."); *Bush v. Reliant Bank*, No. 22-5656, 2023 U.S. App. LEXIS 8560, at *8 (6th Cir. Apr. 10, 2023) ("…because we now affirm the district court's judgment, we deny as moot all four [Rule 43(a)] motions to substitute."); *In re Lucent Death Benefits ERISA Litigation*, 541 F.3d 250,

257 (3d Cir. 2008) ("affirm[ing] the decision of the [d]istrict [c]ourt dismissing the pensioners' complaint and denying as moot Helen Lucas' motion to substitute herself in this case for her deceased husband"). Granting motions to substitute in such cases does not affect the decedent's ability to litigate when that court has already dismissed the decedent's claims.

In any event, post-dismissal in the district court, district courts may defer the substitution issue for the appellate courts as to movant-appellants and their corresponding potential plaintiff-appellants. *Mallick v. Int'l Bhd. of Elec. Workers*, 814 F.2d 674, 676 (D.C. Cir. 1987) ("… the more normal course of proceeding under Fed. R. App. P. 43(a) is for this court to decide the substitution issue [on appeal] directly….") The district court did not abuse its discretion by denying the motion to substitute given the absence of any remaining claims, even if the Court were to assume Hollingsworth was a proper substitute and even assuming he could litigate Pakosz's claims *pro se* to represent the interests of others. The district court's order denying Hollingsworth's motion to substitute should be summarily affirmed.

## CONCLUSION

For the foregoing reasons, the Court should summarily affirm the district court's March 25, 2022 denial of Hollingsworth's motion to substitute.

DATED: July 24, 2023                    Respectfully submitted,

                                        BRIAN M. BOYNTON
                                        *Principal Deputy Assistant*
                                        *Attorney General*
                                        Civil Division

                                        WILLIAM C. PEACHEY
                                        *Director*
                                        Office of Immigration Litigation
                                        District Court Section

                                        YAMILETH G. DAVILA
                                        *Assistant Director*

                                        MICHAEL A. CELONE
                                        *Senior Litigation Counsel*

                                        */s/ David J. Byerley*
                                        DAVID J. BYERLEY
                                        *Trial Attorney* (DC Bar # 1618599)
                                        U.S. Department of Justice
                                        Office of Immigration Litigation
                                        District Court Section
                                        P.O. Box868, Ben Franklin Station
                                        Washington, D.C. 20044

**CERTIFICATE OF COMPLIANCE**

Pursuant to Fed. R. App. P. 32(A)(7)(C), the undersigned counsel certifies that the foregoing brief complies with the type-volume limitation of Fed. R. App. P. 27(d)(2) and contains 4,139 words, including footnotes, but excluding the cover page, tables, signature blocks, and certificates of counsel.

**CERTIFICATE OF SERVICE**

Pursuant to Fed. R. App. P. 25 and D.C. Cir. Rule 25, Defendants-Appellees hereby certify that the foregoing was filed electronically via the Court's CM-ECF filing system on July 24, 2023. The undersigned will cause paper copies of the foregoing to be sent via U.S. Postal Service to Hollingsworth at:

Rick Dale Hollingsworth
14930 Greenbrier Lane
Homer Glen, Illinois 60491

William Pakosz
14930 Greenbrier Lane
Homer Glen, Illinois 60491

*/s/ David J. Byerley*
DAVID J. BYERLEY
*Attorney for Defendants-Appellees*