No. 23-5113

United States Court of Appeals for the District of Columbia

David Alan Carmichael, Lawrence Donald Lewis, Willaim Pakosz (Rick Hollingsworth as Substitute/Carmichael Alternate), Michelle Boulton

Plaintiffs-Appellants

v.

Antony L. Blinken, in his official Capacity Succeeding Michael Richard Pompeo as Secretary of State, the United States Department of State, the United States, and Yet To Be Named Anonymous Co-Conspirators (not in their official capacity)

Appeal from the United States District Court for the District of Columbia
Case No 1:19-cv-02316-RC
The Honorable Rudolph Contreras

**APPELLANTS' CARMICHAEL, LEWIS, PAKOSZ
(HOLLINGSWORTH AS SUBSTITUTE), AND BOULTON
JOINT STATEMENT OF ISSUES TO BE RAISED**

(Unrepresented)

UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRC[UIT]

JUN 15 2023

RECEIVED

Cover Plus 16 Pages

# APPELLANTS' CARMICHAEL, LEWIS, PAKOSZ (HOLLINGSWORTH AS SUBSTITUTE), AND BOULTON
# JOINT STATEMENT OF ISSUES TO BE RAISED

## I. Regarding the Rules of Court

1. There are matters that need the scrutiny of the Circuit Court where the rules are being abused by the district court regarding the use of declarations as substitutes for real evidence. It has in this case especially worked to establish a system of injustice. It has become a faux discovery process that benefits one side, the government's side, where unverified or scrutinized testimony is given inappropriate weight as evidence though not fulfilling the rules of evidence. At the same time, it is used to deny the other side, the injured party, access to material denied to them that would be otherwise be available to them outside of court under the Freedom Of Information Act. If the government would have to produce the documents, written policies, transcripts of staff statements or other things about which they make conclusive statements in their declarations, it might likely prove the practice of perjury on the part of the declarants. Their declarations ought to be limited to declaring the validity of the document, written policies, or transcripts that are supplied to support their summary judgment motion. In our case, their summary judgment motions would not have been supported by real evidence and the Plaintiff-Appellants' would have been. Previous rules need revival.

1

2. The Rules of Appellate Procedure and of Civil Procedure need to be evaluated by the Circuit Court to determine what ought the District Court to have done in a role where they are in effect a trier of fact and a court of review regarding the record of the agency's adjudication of the Plaintiffs'-Appellants' cases. The Rules of Appellate procedure ought to apply where the record of the agency's adjudication is required to be produced. The lack of that process enabled the wrong doers to cover up their wrongs and exacerbate the Appellants' unlawful detention within the borders. If those legitimate appellate processes are not available in the district court to review the agency's administrative record, then the district court ought to be instructed in the rules to change the venue to the Court of Appeals to can act as a court of review and a trier of fact.

And;

With regard to the Appeal of Carmichael, Lewis and Pakosz finally disposed on March 20, 2023, the District Court erred as a matter of law, made clear error as a matter of fact, or abused its discretion <u>when</u>:

## II. Regarding the District Court's First Order, August 28, 2020

    3.   **The court erroneously dismissed Count One** of the complaint regarding 22 USC § 2721, Impermissible basis for the denial of a passport.

    a.   The Appellants' allegations are sufficient to raise standing on Count One.

    b.   There are grounds for First Amendment protection.

 c. There are factual issues that were material to the question of standing and discovery is necessary to resolve them.

 d. The court's explanation in its Memorandum "BACKGROUND" contradicts the court's reason for dismissal.

 e. The court's determining standing on count two, the Religious Freedom Restoration Act, contradicted its reason for dismissing Count One.

 f. Those who denied or revoked the passports knew or should have known they were violating the statute.

 g. Discovery needs to be compelled to expose the malevolent, name-cloaked actors for damages liability and judgment on the merits.

4. **The court erroneously dismissed the Fourth Cause of Action** as it pertains to Appellant Carmichael.

 a. The rules cited in *Haig v. Agee*, 453 U.S. 280 (1981) were misapplied.

 b. The due process rules cited in *Aptheker v. Secretary of State*, 378 U.S. 500 (1964) were violated.

 c. The court was misdirected by erroneous statements of Appellees, and adopted their erroneous arguments in its erroneous order.

 d. The court ignored the express text of the regulation and official statements, conducting a one-sided review of the parties' filings.

3

5.    e.  Compensatory, punitive, or nominal damages are due each of the Appellants from either the United States or those in their personal capacity, referred to as "co-conspirators" whose names are cloaked thus far.

6.    **The Fifth Cause of Action needs to be reinstated**. The court erroneously demanded specificity in a particular theory of law, from the pro se complaint, in order. 22 USC §1714a(f) and its implementing regulations are unconstitutional.

7.    Citing of the **Federal Tort Claims Act** in the complaint was ignored., excluding the provision for waiver of sovereign immunity (ECF 51, p. 3, ¶8). Damages are due from private individuals as well as the United States.

8.    The **court ignored that 44 U.S.C. §3512, Paperwork Reduction Act** prohibited penalizing the Appellants for not responding to Appellees' invalid form.

9.    **The Privacy Act was eviscerated**.

a.  The court misquoted the Privacy Act statement on the passport form that indicates that disclosure of a SSN was not absolutely mandatory, nor is denial or revocation of a passport mandatory for non-disclosure thereof. (ECF 47 p. 3, ¶ 8).

b.  The Privacy Act warrants at least $1,000 damages. If it is the technicality of merely the cost of a postage stamp might trigger the $1,000 minimum damage as argued by the government, we should have an

opportunity to amend the complaint to include that threshold that we can certainly meet.

c.  The language of the statute makes it appear to the simple minded reader that $1,000 is the minimum nominal damages for the liberty and property injury of the government's violation of the statute.

d.  There is no indication in the statute to the reasonably-minded reader that actual malice is necessary to trigger the remedy and relief.

e.  There is no warning for the pro se litigator to check the block of an "actual malice" in complaint allegations. Complaint amendment on that issue, and related discovery process, is warranted if that is the standard.

10. **All counts were erroneously dismissed** in violation of Rules 12(b)(1) & (6) and Rule 56, where discovery was necessary to find, challenge and verify material facts that were obviously in dispute. The Defendants' willful violations of 42 USC §408 felony, and 18 USC § 241, 242, of violating rights benefits and privileges for not identifying with a SSN in violation of United States law, and conspiracy to violate those and other protected rights, was dismissed under the guise that it is "rare" to have such a violation be a cause of action for a civil suit. This is obviously a rare case where that felony act was violated by actors who work for the people who ought to be prosecuting the violation.

**III.    Regarding the District Court's January 20, 2021 Minute Remand Order**

5

11. The court violated its judicial oath of impartiality when it granted the Appellees' hollow <u>remand</u> motion, which had no substantive support of fact, rule of court, or law.

  a. The evidence of facts, rules of court, and law, presented by the Appellants outweighed the Appellees' not-proffering evidence of facts, rules of court, and law to support its motion.

  b. The court abusively and in clear error of fact issued an injunctive remand order without a finding of fact or conclusions of law to support it.

  c. The court ignored the Appellants' motion for declaratory judgment and a partial finding of fact and law regarding the remand order.

  d. The court court abusively and in clear error of fact denied the Appellants' motions for the Appellee to show cause by the production of evidence as to how it did not already have all the information it needed to issue passports to Lewis and Pakosz and to void the passport revocation of Carmichael.

  e. The court elevated what Appellee called a "reasonable" request above the requirements of law and lawful regulations.

  f. The court imposed an arbitrary reasonable means test when a compelling interest had not been proved.

  g. The Court deliberately stalled on its duty to find fact and conclude law, in order to set up a pretext that the motion was moot due to the period

completing, but then actually relied on the "remand period" and the conduct of the Defendant-Appellees under the guise of the remand to rule against the rights of the Plaintiffs-Appellants.

h.  The frivolous process was exacerbated as a concrete injury to Lewis and Pakosz when their passport application was unlawfully denied a second time under the guise of the quasi-remand.

i.  The court and the Appellees should be sanctioned for the frivolous delay and extension of the Appellants' unlawful detention.

## IV.  Regarding the District Court's Minute Order, April 19, 2021

12. Ignoring the substantive facts and law presented to it by the Appellants motions, briefs, and exhibits, the court in error, clear error in fact, and abuse of discretion, denied the Appelants' motion for reconsideration of its January 20, 2021 order (ECF 72); denying the (Appellants') motion for declaratory judgment and partial finding of fact and conclusions of law (ECF 75); denying (Appellants') motion to lift the stay (ECF 76), .

## V. Regarding the District Court's Minute Order, May 7, 2021

13. The court acted in error, clear error in fact, and abuse of discretion without the necessary adjudication and adversarial process, that Appellant Carmichael had obtained a passport by litigation.  Turning lawful regulation upside down, the court's declaration conferred legitimacy upon a bogus "replacement" passport in a

ploy to cover a frivolous remand and an attempt to unjustly moot Carmichael's case. The court accepted mere declaration without the Rule's of Evidence demanded documentary evidence that ought to exist if the declaration were actually true.

**VI.   Regarding the District Court's Minute Order, March 25, 2022**

14. The court erred at law, clear error in fact, and in abuse of discretion when it denied the Appellants' motions concerning remand (ECF Nos. 72, 75, 76, 86); denying Appellants' motion to compel government to issue passport renewals to Lewis and Pakosz (ECF 84; granting in part Appellees' motion to dismiss or in the alternative summary judgment (ECF 99); denying Plaintiffs' motions to join Michelle Boulton and Boulton's motion to intervene (ECF Nos. 92, 94); denying Appellant Carmichael's motion for the court to maintain custody of replacement passport in evidence (ECF 101); denying Appellants' combined motion for relief (ECF 108); denying Appellants Carmichael's and Hollingsworth's motions regarding substitution (ECF Nos. 113, 120); and giving an order for the Appellee's to merely reconsider their position (continue to be their own lawmaker and judge) rather than granting discovery and adjudicating the facts and law in the case.

**VII.   Regarding the District Court's Minute Order, May 25, 2022**

15.   In gross abuse of discretion, the Court disrespected the forum and further engaged in mere 'hand-waving" to remove the case from its docket.

a. The court ordered only partial relief (the issuance of a passport) to Appellant Lewis without adjudicating the finding of fact and conclusion of law demanded by Appellants.

b. The court ordered Appellant Carmichael to take "possession" of the bogus "replacement" passport, without a finding of fact and law regarding which passport was lawfully produced.

c. The court is manipulating Carmichael into abandoning his standing.

d. The court commandeered the Appellees' legal tactics when it denied their motion to stay the district court proceedings pending the appeal; and sua sponte ordering the Appellees to move for disposing the case "on mootness or other grounds."

e. The court denied to the Appellants a judgment on the facts and law that are substantially if not completely in support of the Appellants.

## VIII. Regarding the District Court's Case Management In General

16. Somewhere in all of the prestidigitation of the Defendant-Appellees' maneuvers, **they transitioned to actually answering the merits of elements of the case** without the scrutiny by discovery owed to the Plaintiff-Appellants. With the district court acting as the magician's lovely assistant, our heads are spinning. Hopefully we will be able to identify the transitions.

9

17. The court violated separation of powers and its judicial oath, acting as a Star Chamber tribunal when it coerces the Appellants to abandon their standing. It used an abusive, arbitrary and capricious process rather than adjudication. It allowed unwarranted discovery by the Appellees and denied the warranted discovery process to the Appellants. It treated itself as a self appointed settlement mediator, where the reasoning of one party rules the day rather than by the facts and law. It enables unrevealed persons acting under the color of the government executive department (Appellees) to continue to cause offense by violation of law and regulation (Under the color of Executive), making up laws as they go (Legislative), and determining the right and wrong of it (Judicial) throughout the process. It prolonged and compounded the injury to the plaintiffs' absolute rights rather than making speedy remedy and complete relief available to them as is its duty to do.

18. The Court failed to require Appellees to adhere to the Federal Rule of Civil Procedure, Rule 2: "There is one form of action – the civil action." The court failed to require the government Appellees to disclose material facts. The court allowed Appellees to repeatedly lie to the Court and commit fraud. For example: The court ignored the seriousness of the Appellees direct and extrinsic frauds with regard to their basis for their remand motion (direct/extrinsic), their basis of asking for a photograph from Carmichael, Lewis and Pakosz in the Appellees new

violation of the Privacy Act (direct); the basis of their second denial of the passports of Lewis and Pakosz for non-religious reasons (direct/extrinsic).

19. The court regularly cited and asserted false statements of the Appellees as if they were true.

**IX.   Regarding Other Issues in General and Standing for Complete Relief**

20. Each day of unlawful restraint, being denied a passport in violation of law, without lawful justification, by knowing, willful, negligent and malevolent conduct, and knowingly false statements to the court, using the color of lawful agency action as merely a means to legislate by bureaucrat, constitutes consecutive injuries for the sake of particular damages suffered by each Appellant and due them for various types of appropriate damages relief.

21. There are two cases recently ruled upon by the U.S. Supreme Court that establishes the rule of law regarding the pleading of damages under the Religious Freedom Restoration Act. The novelty of those cases warrants Appellants being able to amend their complaint according to the rulings in *Uzuegbunam, et al., v. Preczewski, et al.*, 592 US ____ (2021) and *Tanzin et al. v. Tanvir et al* 592 US ____ (2020).

22. The rules of court are intended to reach complete relief for the purpose of reaching justice. The rules provide for adjudication of provable facts, using the tool of discovery and the adversarial process. The court replaced those rules with

its own rules under the false guise of efficiency. In accord with its grossly abusive bias, it wielded the sword of the rules against the Appellants while abandoning those rules when they held the court and the Appellees accountable. It unduly prolonged the Plaintiffs'-Appellants' unlawful restraint.

23. The Appellants should have received a judgment in their favor, having been injured by unlawful acts, having the fundamental and statutory law supporting their cause and case substantially. There is no judgment upon which to file for relief under the Equal Access to Justice Act. Instead, there is a judgment against the Appellant, with prejudice, that should have gone the other way.

24. The Appellants' failure to state particularly the standard of review applicable to each reviewable error is not intended to exclude any standard of review reachable by the Court of Appeals. It is the lack of our understanding of the legal concepts that, for want of training, precludes our knowing exactly how each standard applies. Its not to supercede Boulton and Hollingsworth issues that are fully briefed under 22-5143 prior to consolidation.

**Certifications**

25. We certify that the substance of this statement of issues to be raised has 2,660 words or less.

26. Each Appellant is custodian of the original of their signed copies.

I, David Alan Carmichael, hereby submit my statement of issues to be raised in the appeal of case 1:19-cv-02316 in the U.S. District Court, District of Columbia, and its final dismissal, jointly with Lawrence Donald Lewis, and William Mitchell Pakosz (Deceased) with Rick Dale Hollingsworth as his substitute (Reserving right as alternate), and Michelle Bouton.

*/s/ David Alan Carmichael*
David Alan Carmichael
1748 Old Buckroe Road
Hampton, Virginia   23664
(757) 320-2220
davidalancarmichael@protonmail.com

(Signature pages continued)

I, Lawrence Donald Lewis, hereby submit my statement of issues to be raised in the appeal of case 1:19-cv-02316 in the U.S. District Court, District of Columbia, and its final dismissal, jointly with David Alan Carmichael, and William Mitchell Pakosz (Deceased) with Rick Dale Hollingsworth as his substitute, and Michelle Boulton.

*Lawrence Donald Lewis*
Lawrence Donald Lewis
966 Bourbon Lane
Nordman, Idaho  83848


(Signature pages continued)

I, Rick Dale Hollingsworth as substitute for William Mitchell Pakosz (deceased), hereby submit my statement of issues to be raised in the appeal of case 1:19-cv-02316 in the U.S. District Court, District of Columbia, and its final dismissal, jointly with David Alan Carmichael, and Lawrence Donald Lewis, and Michelle Bouton.

*/s/ Rick Hollingsworth*

Rick Dale Hollingsworth
14930 Greenbrier Lane
Homer Glen, Illinois 60491 (Mail)

I, Michelle Boulton, hereby submit my statement of issues to be raised in the appeal of case 1:19-cv-02316 in the U.S. District Court, District of Columbia, and its final dismissal, jointly with David Alan Carmichael, Lawrence Donald Lewis, and William Mitchell Pakosz (Deceased) with Rick Dale Hollingsworth as his substitute.

Michelle Boulton
8491 Hospital Dr., #178
Douglasville, GA 30134-2412

## CERTIFICATE OF SERVICE

I, David Alan Carmichael, certify that I served to the U.S. Court of Appeals, U.S. Circuit Court, District of Columbia, in the case of *David Alan Carmichael, Lawrence Donald Lewis, Willaim Pakosz (Rick Hollingsworth as Substitute/Carmichael Alternate), Michelle Boulton, v. Blinken, et al.*, case no. 23-5113, the Appellants' documents, Joint Statement of Issues to Be Raised / Appellants' Joint Underlying Decisions From Which Appeal or Petition Arises / Appellants' Joint Certificate as to Parties, Rulings, and Related Cases / Appellants' Joint Statement of Intent To File A Deferred Appendix. I served the court and parties at:

Clerk, United States Court of Appeals
333 Constitution Avenue, N.W.
Washington, DC 20001 (Priority mail)

David James Byerley
U.S. Department of Justice
(DOJ) Civil Division, Office of Immigration Litigation
PO Box 868, Ben Franklin Station
Washington, DC 20044-0868 (Mail w/ courtesy copy email)

William Mitchell Pakosz c/o Rick Hollingsworth
14930 Greenbrier Lane
Homer Glen, Illinois 60491 (Electronically as agreed)

Michelle Boulton
8491 Hospital Dr., #178
Douglasville, Georgia 30134-2412 (Electronically as agreed)

Lawrence Donald Lewis
966 Bourbon Lane
Nordman, Idaho 83848 (Electronically as agreed)

David Alan Carmichael
1748 Old Buckroe Road
Hampton, Virginia 23664 (Self)

I certify under the penalty of perjury under the laws of the United States of America, that the foregoing is true.

*David Alan Carmichael*     *June 13, 2023*
David Alan Carmichael           Date
1748 Old Buckroe Road
Hampton, Virginia 23664

*RECEIVED JUN 15 2023 UNITED STATES COURT OF APPEALS FOR DISTRICT OF COLUMBIA CIRCUIT*

**UNITED STATES POSTAL SERVICE**

Retail

P    US POSTAGE PAID    **$9.65**
Origin: 23663
06/13/23
5139810369-20

PRIORITY MAIL®

0 Lb 8.30 Oz
RDC 04

EXPECTED DELIVERY DAY: 06/15/23

C003

SHIP TO:
333 CONSTITUTION AVE NW
WASHINGTON DC 20001-2802

USPS TRACKING® #

9505 5139 2032 3164 7157 75



PRESS FIRMLY TO SEAL

PRIORITY MAIL
FLAT RATE ENVELOPE
POSTAGE REQUIRED

FROM:

David Alan Carmichael
1748 Old Buckroe Road
Hampton, Va. 23664

TO:

Clerk, United States Court of Appeals
333 Constitution Avenue, N.W.
Washington, D.C. 20001

PRESS FIRMLY TO SEAL

- Expected delive
- Most domestic
- USPS Tracking®
- Limited internat
- When used inte

*Insurance does not c
Domestic Mail Manual
** See International M



**FLAT RA**
ONE RATE ■ A

**TRACKED ■ INSURED**


PS00001000014

EP14F May 2020
OD: 12 1/2 x 9 1/2

To schedule free Package Pickup,
scan the QR code.


USPS.COM/PICKUP